**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID SOLIMAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1653 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, David and Milagros Soliman, sued U.S. Bank National Association  and

Select Portfolio Servicing, Inc. (together, the defendants), in Texas state court on May 31, 2013.

(Docket Entry No. 1, Ex. C–1).  The Solimans asserted claims arising out of a home-mortgage loan

they used to purchase property in Fort Bend County, Texas.  Select Portfolio was the loan servicer

and U.S. Bank was the trustee for the trust holding the mortgage.  The Solimans' state-court petition

asserted causes of action for an accounting and usury and requested declaratory and injunctive relief

preventing the defendants from foreclosing on their property.  (*Id.*, Ex. C–1 at 6–9).  The Solimans

also sought damages for mental anguish.  (*Id.*, Ex. C–1 at 6–7).  On June 6, 2013, the defendants

filed a Notice of Removal based on federal diversity jurisdiction. (Docket Entry No. 1).  On October

9, 2013, the defendants moved for summary judgment dismissing the suit.  (Docket Entry No. 12).

The plaintiffs failed to respond.

Based on the motion and summary-judgment record, the pleadings, and the applicable law,

this court grants the defendants' motion for summary judgment. The reasons are explained below.

Final judgment is entered by separate order.

## I.     Background

The Solimans purchased the property in January 2007, executing a promissory note (the "Note") for $249,500, a Deed of Trust, and other documents memorializing the loan. (Docket Entry No. 12, Ex. A–2 at 2). Select Portfolio is currently the holder of the Note and assignee of the Deed of Trust. The Solimans fell behind on their loan payments in 2011. As of October 19, 2013, they needed to pay at least $46,041 to cure the default. (*Id.*, Ex. A–4 at ¶ 7).

The Solimans allege that they fell behind on their payments after spending money repairing damage to their house caused by Hurricane Ike in 2008 and by faulty plumbing in 2010. (Docket Entry No. 1, Ex. C–1 at ¶¶ 8–10). Select Portfolio negotiated insurance payments for these two events. The Solimans' insurers issued a $15,750 check for the Hurricane Ike damage and a $9,973 check for the plumbing damage. (*Id.*, Ex. C–1 at Exs. A, B). Both checks were payable to Select Portfolio. (*Id.*). Select Portfolio released the $15,750 check to the Solimans but is holding the $9,973 check, (Docket Entry No. 12, Ex. A at ¶ 8). Select Portfolio maintains that the Solimans failed to provide enough information and documentation to release the check to them or to apply the insurance proceeds to the Notes balance. (*Id.*). The Solimans claim that Select Portfolio's failure to return the $9,973 or apply the funds to the outstanding loan balance "made it impossible for [them] to comply with the terms of the mortgage contract." (Docket Entry No. 1, Ex. C–1 at Ex E).

On May 8, 2013, counsel for Select Portfolio sent the Solimans a notice that they were in default on the Note and that the property would be sold at auction on June 4, 2013. (*Id.*). It is

unclear from the summary-judgment record whether the house was sold or whether the Solimans remain in possession and in residence.

## II.     The Defendants' Motion for Summary Judgment

### A.     The Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. PROC. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." FED. R. CIV. PROC. 56(c)(1)(A).  "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact."  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex*, 477 U.S. at 323).  If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact, it does not need to negate the elements of the nonmovant's case.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56[] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.*  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id*. (internal quotation marks omitted).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371.

## B.     Analysis

The issue is whether the record shows a fact dispute as to whether the defendants had the right to enforce the Note and foreclose on the property.  The plaintiffs' requests for declaratory and injunctive relief claim that they did not breach their payment obligations under the Note.  The plaintiffs' factual basis for these claims is that Select Portfolio did not send them the $9,973 in insurance proceeds or apply the proceeds to the outstanding loan balance.  This argument fails for multiple reasons.

4

First, the defendants submitted a declaration explaining that the plaintiffs failed to provide information and documentation that Select Portfolio needed to send them the insurance proceeds or apply the proceeds to the outstanding loan balance.  (Docket Entry No. 12, Ex. A at ¶ 8).  Second, the Deed of Trust did not require Select Portfolio to apply insurance proceeds to the outstanding loan.  The Deed of Trust states that "any insurance proceeds . . . shall be applied to restoration or repair of the Property."  (*Id.*, Ex. A–2 at 6).  The plaintiffs do not point to anything in the Note or Deed of Trust requiring Select Portfolio to apply insurance proceeds to the outstanding balance on the Note.  And nothing excused the plaintiffs from their obligation to continue making payments on the Note.  Third, even if Select Portfolio had applied the insurance proceeds to the outstanding balance, the plaintiffs would still owe over $36,000 and would remain in default.  There is no summary-judgment evidence showing that the defendants breached any obligation they owed to the Solimans.  There is no evidence that the defendants lacked the right to foreclose.  Summary judgment dismissing the plaintiffs' claims for declaratory and injunctive relief related to the defendants' right to foreclosure is granted.

The plaintiffs' remaining claims for an accounting, usury, and mental anguish damages all rely on two assumptions: first, that Select Portfolio's failure to return or apply the $9,973 in insurance proceeds breached an obligation Select Portfolio owed to the plaintiffs; and second, that the plaintiffs would not be in default if the proceeds had been applied to the Note balance.  As discussed above, neither of these assumptions is true.  Summary judgment dismissing the remaining claims is granted.

## III.     Conclusion

The defendants' motion for summary judgment, (Docket Entry No. 12), is granted.  Final judgment is separately entered.

SIGNED on February 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

6